IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUENY MORELL, WALDEMAR RAMÍREZ and the conjugal partnership composed by them<br><br>PLAINTIFFS<br><br>V.<br><br>HP Corp.; HP LABS; LAUREN KRIEGER, her husband JOHN DOE and the conjugal partnership composed by them; ABC INSURANCE COMPANY, JANE DOE, JOE DOE;<br><br>DEFENDANTS | CIVIL NO:<br><br>AGE DISCRIMINATION; RETALIATION; DAMAGES<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiffs, Lueny Morell, her husband, Waldemar Ramírez and their conjugal partnership, through their undersigned attorney and respectfully **STATE** and **PRAY**:

### I. JURISDICTION

1. The facts set forth in this complaint constitute violations of Plaintiffs employment rights protected by Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq.*

2. This Honorable Court has original jurisdiction over this civil action pursuant to Section 7 of the ADEA, 29 USC §626 (c)(1).

3. Furthermore, pursuant to 42 U.S.C. § 1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by the Plaintiffs, under the following Puerto Rico statutes and provisions: Law No. 115 of December 20, 1991, 29 LPRA §§194 et seq., Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146, and Articles 1802 and 1803 of the Civil Code of the Commonwealth of Puerto Rico, 31 L.P.R.A. § 5141 and 5142 (hereinafter collectively referred to as "Puerto Rico Tort Statute"), since they are related to the aforestated Federal claims and they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is proper in this district pursuant to 28 USC §1391(b)(1) and (2), because the discriminatory employment practices alleged in the complaint occurred in Puerto Rico.

5. The Plaintiff, Lueny Morell, timely filed a charge of employment discrimination and another charge of retaliation with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission on May 28, 2013, hereinafter "EEOC". The Right to Sue letter from the Anti-Discrimination Unit and the Equal Employment Opportunity Commission was requested on December 17, 2013, and authorized by the Anti-Discrimination Unit on January 28, 2014.  The letter was mailed on February 3, 2014 and received by plaintiffs on February 4, 2014. Another right to sue letter was issued on November 15, 2013 by the EEOC in the claim for retaliation.  The letter was received by plaintiffs on November 22, 2013.

Therefore, this lawsuit is being filed within ninety (90) days of the date of issuance of the Right to Sue Letters.

## II. PARTIES

6. Plaintiffs, Lueny Morell (Morell) and Waldemar Ramírez (Ramírez), are of legal age, married to each other and residents of Mayaguez, Puerto Rico.

7. At all times relevant to the allegations stated herein, Morell was an employee of the HP Corp. and HP Labs, within the meaning of the applicable statutes, and worked for the Defendants as a strategic planner, a position which she held since approximately 2003.

8. Defendants, HP Corp. and HP Labs, hereinafter referred to collectively as HP, are an "employer" within the meaning of the applicable statutes, which employed more than 300,000 regular employees.

9. The HP Defendants, are legal entities that at all times relevant to the allegations stated herein were Morell's employers, with capacity to sue and be sued. HP, Corp. and HP Labs have offices in San Juan, Puerto Rico and throughout the Island.

10. Co-defendant, Lauren Krieger (Krieger) was an employee of HP, Corp. and HP Labs, acting within the course and scope of such entities and employment, who performed managerial, administrative and/or supervisory functions and fulfilled duties for HP, Corp and HP Labs as a supervisor. Upon information and belief, Krieger is married to John Doe, whose name will be

substituted once the same becomes known to Plaintiffs and together with her spouse form the Kieger-Doe conjugal partnership.

11. The unknown defendants are included as such, since at this time, Plaintiffs does not know their identity. As soon as the identity of said defendants is known, the complaint will be amended to include them as named defendants in the captioned case.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

12. Morell, who at the present is 60 years old, began working for HP approximately eleven (11) years ago with the initial mission of developing the University Relations function for Latin America. Throughout her years at HP she managed various other programs, serving her last four years in the HP Labs strategy and innovation area.

13. Since Spring 2012, when HP announced the "Enhance Early Retirement Program", Morell was subjected to age discrimination by defendants. Morell has been the subject of a pattern and practice of intentional age discrimination, retaliation, persecution, threats and intimidation. Also, Morell has been victim of hostile work environment and retaliation for having engaged in legally protected activity, namely the notification to the Human Resources Department of age discrimination by her supervisor, Krieger.

14. When the "Enhance Early Retirement Program" was announced, Krieger commented that she was surprised that Morell was not included in said early retirement program.

4

15. After that incident, since May 2012, Krieger continuously and constantly discriminated against Morell and humiliated her personally and professionally.

16. With the sole purpose of humiliating and harassing Morell, Krieger imposed certain work requirements on Morell that were not required to the rest of her coworkers.

17. From the months of August, 2012, through October 2012, Krieger required Morell to decline, without any justification, two invitations to conferences that were in HP's best interests and benefit. Furthermore, Krieger directed Morell to withdraw from high-level national and international Advisory Committees to which she had been designated and commited to serve on the same for three (3) years with consent and approval of her previous HP supervisors.

18. On November 2012, Morell was not notified or included for a meeting of her strategy team with new director of HP Labs.  Morell was the only team member who was not included and/or notified of said meeting.  At that time, Morell informed Krieger that she felt discriminated for being excluded from participating in the strategic planning team meeting.  Krieger did not respond to Morell's concerns regarding her exclusion from the meeting and/or her feelings of being discriminated.

19. Thereafter, during November 2012, Morell and Krieger held a meeting to discuss her goals for 2013.  In that meeting, Krieger required Morell to limit her

5

work related travel, which is an element essential to adequately execute her functions. Specifically, Krieger set a quota of six (6) trips per year, instructions that were not given to other members of the strategy team. At that same time, Krieger insisted again that Morell withdraw from aforementioned Advisory Committees. These engagements were the result of the credibility earned by Morell through long term strategic efforts, and the premature terminations caused by Krieger's demands were very disturbing to the agencies affected. Furthermore, Krieger informed Morell that most probably HP will not prospectively sponsor membership or participation in key national and international organizations where Morell's involvement was fundamental for her to achieve her 2012 and 2013 goals. These were participations that have been sponsored by HP for decades.

20.    On November 15, 2012, a meeting of the strategy team was held with the new Director of HP Labs. During said meeting, Krieger used a presentation the first draft of which was prepared by other members of the team during the aforementioned meeting held two (2) weeks before at which Morell was specifically excluded. In said presentation, in a section titled "Strategy Team Responsibilities", in the key activities and expected outcomes for the team there was no mention of the activities and responsibilities in which Morell was involved.

21.    As a consequence of the facts narrated herein, and the hostile and discriminatory environment to which Morell was subjected, which was

6

exacerbated in the two (2) previous weeks, on November 17, 2012, Morell had to be taken to the emergency room since her blood pressure was dangerously high.

22. On November 19, 2012, Morell sent Krieger an e-mail once again communicating that she felt she was being subjected to a pattern of discrimination against her. That same day, Krieger responded with an e-mail ignoring Morell's claims to cease the discrimination, and - instead suggested that Morell seek "counseling".

23. Subsequently, Krieger involved the Human Resources Department, whose intervention was focused on convincing Morell that she was wrong and that there was no discrimination against her. Said conclusion by the Human Resources Department was made without even conducting any type of investigation or interviews. After Morell presented her complaints regarding the age discrimination conduct with the Human Resources Department, the workplace became an evenmore hostile environment for her.

24. In January 2013, Krieger and three (3) Human Resources (HR) representatives, two of which were representing Krieger and the other was presumably neutral, had a conference call with Morell. Once the meeting commenced, and for over 10 minutes, Krieger's HR representative tried to convince Morell that she had no reason to be concerned about being discriminated and/or treated differently from her team mates. She even mentioned that Morell's attitude "may be a cultural" matter. About fifty minutes

into the meeting Morell heard murmuring in the room and expressed her uneasiness with the situation. Krieger then confirmed that the HP Labs Director was in the room with her. Morell became deeply concerned about having been placed in a very embarrassing situation with the new HP Labs boss listening to a very sensitive conversation without her being aware that other HP representatives were listening in.

25. Since there was no progress in resolving the situation, and HP failed to perform an objective and unbiased investigation, on February 11, 2013, Morell filed a "Standard of Business Conduct Claim" for age discrimination with HP's internal system.

26. Since more than a month had transpired with no response to her "Standard of Business Conduct Claim" for age discrimination, on March 17, 2013, Morell requested an answer to her Claim.

27. The following day, to wit, March 18, 2013, Morell was notified that due to a "reduction in workforce" her position was being eliminated effective April 24, 2013 and that she was entering in the "workforce reduction" (WFR) process the next day.

28. During March 2013, Krieger rejected Morell's expense report from a recent business trip questioning a $13.50 item for "appetizers and drinks" consumed in a meeting with the president of one of Morell's key international partners. Krieger indicated there may be a violation of HP's "public sector policy". After inquiring with HP's Public Sector officer (Nicola Macdonald) Morell

was advised that she had "clearly not violated any guidelines"; the officer further insinuates that the concern was indeed "frivolous". Meanwhile Morell's whole Travel Expense Report was placed on hold, and she was unable to be reimbursed, thus creating a stressful cash flow situation for Morell. Krieger asked Morell to resubmit and initiate the whole reimbursement process from scratch. Furthermore, even though Morell's luggage got lost during this trip, Krieger refused to authorize any reimbursement for the basic replacement cloth that Morell had to purchase, even though she was representing HP and company policies allowed for the expense. Morell felt deeply harassed by these events.

29. During early April 2013, Morell's cell phone, laptop and – in general – all her connections to HP's systems, began to experience major disruptions. Aside from problems pertaining to ongoing business matters Morell still needed to attend to, this was the timeframe when she was supposed to access internal HP web pages to learn and follow instructions on how to find jobs inside of HP, which was the purpose of the so-called "Redeployment phase" of the "workforce reduction" (WFR) process which was supposed to be taking place at this time. Throughout this time Morell was not able to follow this process. Problems with accessibility to the HP intranet continued, compromising Morell's ability to pursue redeployment efforts. On April 8th, 2012, while trying to call a job interviewer, Morell discovered that her AT&T calling card number had been also shut down, thus losing both web and phone connectivity. This was very

embarrassing and humiliating for Morell.  Krieger blamed HR for the problem but there was no resolution.

30. On April 19th, 2012 Morell realized she had been cancelled and/or excluded from all her team meetings since her February 2013 filing of a "Standard of Business Conduct Claim" for age discrimination in the internal HP's internal system.

31. After the previous event, Morell's physician diagnoses her with "major depressive disorder and posttraumatic stress disorder" and ordered her to rest immediately until end of month.

32. Despite the fact that Morell's last day of work under "Redeployment" was a Saturday, May 4, 2013, AT&T confirmed to Morell that her HP's superiors had canceled the contract for her phone on April 2nd, 2012, without her receiving any notification or advance notice whatsoever about the action, and in total disregard of her wellbeing as an employee. This lack of communication compromised Morell's security given that her still pending business commitments required her to travel outside her home base.

33. Morell's supervisors and personnel had knowledge of the age discrimination and harassment to which she was subjected and also were part of the pattern of harassment and discrimination personally. Despite their knowledge, they did nothing to take appropriate action and/or implement the policies and procedures to assure a age discrimination and harassment free

environment in the work place. As stated above, Morell requested her supervisors to investigate her complaints and act upon them, without any result.

34.   HP never provided Morell with an internal grievance procedure manual or the companies' policy against age discrimination, harassment or retaliation.

35.   As a direct result of the aforementioned unlawful age discrimination, harassment and retaliation, the plaintiffs suffered and are still suffering, severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life.

### IV.   CAUSES OF ACTION

#### First Cause of Action-ADEA

36.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs as if set forth in full herein.

37.   This First Cause of Action arises under ADEA.

38.  Defendants, its agents, servants and/or employees, by their conduct herein alleged, intentionally, willfully and without justification, deprived Plaintiff of her rights, privileges and immunities secured by the ADEA, and the laws of the United States, particularly her right to be free from discrimination based on her sex the work place.  Defendants unlawfully discriminated against  Plaintiff Morell with respect to the terms, conditions and privileges of employment because of her age, in violation of ADEA.

39. Furthermore, Defendants engaged in the unlawful employment practices in question with malice or reckless indifference to the Federally and State protected rights of the Plaintiff.

40. Hence, pursuant to ADEA, Plaintiff is entitled to receive an award for punitive damages, which will serve as punishment and deterrence for such unlawful employment practices.

41. In addition, pursuant to 42 U.S.C. § 2000E-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to the costs to be incurred in this suit, plus reasonable attorney's fees.

42. As a direct result of the aforementioned unlawful age discrimination, harassment, hostile environment and retaliation Morell has suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life. Plaintiff is entitled to receive, as a just and fair compensation for the afore stated damages, the maximum compensatory amount allowed by ADEA.

43. Therefore, Plaintiff demands that Judgment be entered in her favor and against the defendants, granting her the amount of $1,000,000.00 in compensatory and punitive damages, plus a reasonable amount of attorney's fees, the costs of this action, and pre-judgment and post judgment interest, and any other further relief as is just under the circumstances.

### Second Cause of Action-Puerto Rico Antidiscrimination Statutes

44. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 43, as if set forth in full herein.

45. The actions and omissions of all defendants constitute age discrimination, harassment and retaliation in violation of law 100 and law 115, which require the employer to provide a work environment free of age discrimination and harassment and which prohibit retaliation against employees, for which the Plaintiff is entitled to equitable relief, as well as compensatory damages and back pay, a doubling of the aforementioned amounts, costs and attorneys fees, and equitable relief.

46. As a direct result of the aforementioned unlawful age discrimination, Plaintiff suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life.

47. Therefore, Plaintiff demands that Judgment be entered in her favor and against the Defendant, granting her twice the amount of $1,000,000.00 for compensatory and punitive damages and a reasonable amount in attorney's fees.

### Third Cause of Action-Puerto Rico Law

48. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 46, as if set forth in full herein.

13

49. The actions and/or omissions of Defendants have caused plaintiffs severe physical, mental, psychological and emotional pain, anguish and distress and have sustained a loss of happiness for which Defendants must respond in damages under Article 1802 and 1803 of the Puerto Rico Civil Code.

50. Morell, Ramírez and the conjugal partnership composed by them have also sustained economic damages due to Defendants' unlawful acts and/or omissions as described in the complaint, for which they must respond for said damages, which are estimated in excess of $500,000.00, under Article 1802 and 1803 of the Puerto Rico Civil Code.

51. Defendants are liable to Plaintiffs for all damages caused to them on account of their discriminatory, hostile work environment, harassment and retaliation actions under Articles 1802 and 1803 of the Civil Code of Puerto Rico.

52. In addition, in the event Defendants deny responsibility for the actions and damages claimed herein, pursuant to the provisions of Rule 44 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, Plaintiffs would also be entitled to an award of prejudgment and post-judgment interest, to be computed from the amount finally awarded to Plaintiffs, plus a reasonable amount of attorney's fees, due to such obstinate and reckless denial.

53. Defendants are jointly liable to the Plaintiffs for all damages caused to them on account of their discriminatory actions under Articles 1802 and 1803 of the Civil Code of Puerto Rico. As a result of the damages caused to Plaintiffs, they are entitled to an award of damages of no less than $1,000,000.00 each.

53. Plaintiffs demand trial by jury.

## V.  RELIEF SOUGHT

**WHEREFORE,** all premises considered, Plaintiffs demands that Judgment be entered by this Honorable Court in favor of Plaintiffs and against the Defendants, jointly, for all relief prayed herein, granting all the sums requested; imposing the payment of all costs and expenses unto Defendants, granting Plaintiffs any other relief they may be entitled as a matter of law, and awarding the Plaintiffs pre-judgment and post judgment interest, plus a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED**, on this the 11th day of February, 2014.

S/Michelle Pirallo-Di Cristina
MICHELLE PIRALLO-DI CRISTINA
USDC-PR-214903
P.O. BOX 192321
SAN JUAN, PUERTO RICO 00919-2321
TEL: 787-777-3377 Fax: 787-724-8756
EMAIL:  mpirallo@gmail.com