IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUENY MORELL, <u>et al.</u>,**<br><br>   Plaintiffs,<br><br>   v.<br><br>**HP CORP., <u>et al.</u>,**<br><br>   Defendants. | **CIVIL NO. 14-1123 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Lueny Morell, Waldemar Ramirez and their conjugal partnership initiated this action against Hewlett-Packard Company ("HP") and Laurel Krieger under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); Puerto Rico Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146, *et seq.*; Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29 §§ 194 *et seq.*; and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142.

In essence, plaintiffs allege that after HP announced the Enhance Early Retirement Program, Morell, who is 60 years of age, was subjected to a pattern of age discrimination that included retaliation, persecution, threats, intimidation, and a hostile work environment (Docket No. 1 at ¶ 13). The defendants have moved for dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (Docket No. 8), and for partial dismissal on the merits under Fed. R. Civ. P. 12(b)(6) (Docket No. 9). Plaintiffs opposed both motions (Docket Nos. 13 and 14), and defendants replied (Docket Nos. 20 and 21). For the reasons that follow, the Court DENIES Docket No. 8, and GRANTS IN PART AND DENIES IN PART Docket No. 9.

Lueny Morell *et al.,* v. HP Corp. *et al.*
Civil No. 14-1123 (PAD)
Opinion and Order
Page 2

## I.     Personal Jurisdiction (Docket No. 8)

Krieger has requested dismissal under Fed. R. Civ. P. 12(b)(2), claiming that she is a resident of California, that she has never been in Puerto Rico, and that she does not have the minimum contacts with the forum necessary for personal jurisdiction to be asserted against her (Docket No. 8 at p. 3). According to the complaint, she performed managerial, administrative and/or supervisory functions for HP, and was involved in various aspects of Morell's employment activities in Puerto Rico (Docket No. 1 at ¶¶ 10, 17-20, 22-24, and 28-29).

A federal court may assert specific jurisdiction over a defendant only if doing so comports with both the forum's long-arm statute and the Due Process Clause of the United States Constitution. Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011). The two modes of analysis merge into one because the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause. Id.

In turn, the constitutional test for determining specific jurisdiction has three distinct components: (1) relatedness, (2) purposeful availment (sometimes called 'minimum contacts'), and (3) reasonableness. Adelson v. Hananel, 652 F.3d 75, 80-81 (1st Cir. 2011). An affirmative finding on each of these elements is required to support a finding of jurisdiction. Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 14 (1st Cir. 2007).

   A. Relatedness

Plaintiffs must demonstrate a nexus between their claims and the defendants' forum-based activities, such that the litigation itself is founded directly on those activities. Adelson, 652 F.3d at 81. The test is satisfied where the defendant's forum-related activity is itself the cause and object of the lawsuit. Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). Plaintiffs allege that

Krieger's contacts with Puerto Rico, which consist of the continuous emails that she sent to Morell, are sufficient to meet this prong (Docket No. 15, Exh. 1-3).

As the Supreme Court has recognized, "jurisdiction may not be avoided merely because the defendant did not physically enter the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." Id.; see also, Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 10 (1st Cir. 2009) (recognizing that a defendant need not be physically present in the forum state to cause injury in the forum state). Given that the existence and contents of the emails serve as predicate to the action, their relatedness to the claim serves to link Krieger to Puerto Rico.

B. Purposeful Availment

A defendant is subject to jurisdiction when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Carreras, 660 F.3d at 555. For jurisdiction to attach, the forum-related contacts must be of such a nature that the defendant can reasonably foresee being haled into court there. Id. This requirement ensures that a defendant will not be drawn into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Burger King Corp., 471 U.S. at 475.

The contacts here were not random, fortuitous, or attenuated. Rather, as the emails extending from August 2012 to April 2013 tend to show, Krieger directed constant administrative conduct toward the employee in Puerto Rico. Her conduct was voluntary and, so, rendered

litigation in this forum foreseeable. What is more, the contacts were not unilateral, as both she and Morell participated in the exchange.

   C. Reasonableness

Courts must examine the reasonableness element in light of "Gestalt Factors" such as: (1) the plaintiff's interest in obtaining convenient and effective relief, (2) the forum state's interest in adjudicating the dispute, (3) the judicial system's interest in ensuring the most effective resolution of the controversy, (4) the defendant's burden of appearing, and (5) the common interests of all sovereigns in promoting substantive social policies. Harlow v. Children's Hosp., 432 F.3d 50, 67 (1st Cir. 2005).

Plaintiffs' choice of forum is accorded a degree of deference. See, Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 211 (1st Cir. 1994)(so recognizing). Their action against Krieger include claims brought under Puerto Rico employment laws. See, Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 62 (1st Cir. 2002) (taking into account the fact that forum state's law governs the dispute as one factor in favor of exercising personal jurisdiction there).

Likewise, Puerto Rico has a significant interest in asserting jurisdiction over a defendant who causes injury within its borders. See, Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 718 (1st Cir. 1996) (so noting); Andreyev v. Sealink Inc., 143 F.Supp.2d 192, 201 (D.P.R. 2001)(same). But Krieger has not demonstrated how coming to Puerto Rico would represent a "special or unusual burden." See, Pritzker, 42 F.3d at 64 (since defending in a foreign jurisdiction is almost always inconvenient and/or costly, this factor is meaningful where a party can demonstrate some kind of special or unusual burden); Benitez-Allende v. Alcan Aluminio do

Brasil, S.A., 857 F.2d 26 (1st Cir. 1988)(no special burden precluded Brazilian manufacturer from appearing in Puerto Rico). Further, the record is devoid of any indication pointing to ongoing parallel actions between the parties in another forum.

So, on balance, all of the applicable gestalt factors favor jurisdiction. Together with the first two prongs of the constitutional analysis, the exercise of jurisdiction in this forum is reasonable and does not offend notions of fair play and substantial justice. For that reason, Krieger's motion to dismiss for lack of personal jurisdiction must be denied.

## II.     Partial Dismissal on the Merits (Docket No. 9)

First, defendants request dismissal (1) of the ADEA claim against Krieger because the statute does not recognize individual liability, and (2) of the emotional and punitive damages claims under the ADEA since those claims are not actionable either (Docket No. 9 at pp. 6 and 8). Given that plaintiffs conceded both points, partial dismissal will be entered accordingly.

Second, defendants maintain the Puerto Rico Law No. 115 action should be dismissed, pointing out that the pleadings fail to state that Morell offered or attempted to offer testimony or information to a legislative, administrative, or judicial forum (Docket No. 9 at p. 10). Law No. 115 protects the employee who has provided or attempted to provide testimony or information to a legislative, administrative, or judicial forum, as opposed to internal complaints.[1] Villanueva-Batista v. Doral Financial Corp., 357 Fed.Appx. 304, 306 (1st Cir. 2009). To that end, a plaintiff must affirmatively allege participation in an activity protected by Law 115. Uphoff Figueroa v.

---

[1] The statute makes it unlawful for the employer to discharge, threaten or discriminate against an employee regarding terms, conditions, compensation, location, benefits or privileges of employment should the employee offer or attempt to offer any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico. See, P.R. Laws Ann. tit. 29 § 194(a).

Alejandro, 597 F.3d 423, 433 (1st Cir. 2010). Plaintiffs, however, failed to so state. Consequently, their Law 115 claims must be dismissed. Levine-Diaz v. Humana Health Care, 990 F.Supp.2d 133, 158 (D.P.R. 2014); Pabón-Ramirez v. MMM Health Care, 2013 WL 1797041, * 10 (D.P.R. April 29, 2013).

Third, defendants argue that claims under Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 §§ 5141-5142, are barred by special laws (Docket No. 9 at p. 11). Article 1802, Puerto Rico's general tort statute, provides that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. Laws Ann. tit. 31 § 5141. Article 1803 applies the principle of *respondeat superior* to claims brought under Article 1802. P.R. Laws Ann. tit. 31 § 5142; Pagán-Cólon v. Walgreens of San Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012).

To the extent that a specific employment law covers the conduct for which an employee seeks damages, plaintiff may not rely on that same conduct to bring a claim under Articles 1802 and 1803. In those cases, a claim may only be brought if it is based on tortious conduct distinct from that covered by the specific labor laws invoked. Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1; Reyes-Ortiz v. McConnell Valdes, 714 F.Supp.2d 234, 239 (D.P.R. 2010); Medina v. Adecco, 561 F.Supp.2d 162, 174 (D.P.R. 2008).

Because Morell's causes action under Articles 1802 and 1803 are grounded on the same arguments that support her discrimination claims, the former must be dismissed. The Puerto Rico Supreme Court, however, permits relatives of a person who has been the victim of employment discrimination to bring emotional damage claims under Article 1802 to be compensated for harm to them resulting from the discrimination. Pagán-Cólon, 697 F.3d at 16. Such claims are

contingent upon, and cannot survive independently of the principal plaintiff's underlying employment discrimination or retaliation claim. If the principal plaintiff's claim fails, so too does the relative's derivative claim. Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 12-13 (1st Cir. 2007); Marcano Rivera v. Pueblo Intern., Inc., 232 F.3d 245, 258 n. 7 (1st Cir. 2000); Marrero v. Schindler Elevator, 494 F.Supp.2d 102, 112 (D.P.R. 2007). Considering that Morel's claim under Law No. 100 survives the pleadings stage, her spouse's derivative claim under Article 1802 cannot be dismissed at this point.

### III. CONCLUSION

In view of the foregoing, and taking plaintiffs' factual allegations as true, the Court DENIES Docket No. 8, and GRANTS IN PART AND DENIES IN PART Docket No. 9 as follows:

- Plaintiffs' claims for compensatory and punitive damages under ADEA are DISMISSED.

- Plaintiffs' claims under Puerto Rico Law No. 115 are DISMISSED.

- Morel's claims under Articles 1802 and 1803 of Puerto Rico's Civil Code are DISMISSED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 9th day of March, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE